Dear Mr. Upton:
You have requested an opinion of the Attorney General regarding the legality of the Red River Waterway Commission using public funds for disseminating information about the economic, commercial and recreational opportunities resulting from establishment of the Waterway.
In your correspondence with this office you state:
 A key element in the development of the Red River Waterway System (the "Waterway") is the development of commerce and recreation on the Waterway. Numerous local ports have been, or are being, developed, and numerous recreational facilities.
 The Commission desires to use the various avenues of the public media as a means of disseminating information about those opportunities available to the public in carrying out its essential governmental function.
Louisiana R.S. 34:2301 et seq. provides the statutory authority for the Red River Waterway District. R.S. 34:2308 states:
 [T]he exercise of the powers granted hereby will be in all respects for the benefit of the people of the state, for the increase of their commerce and prosperity, and for the improvement of their health and living conditions. . . .
Attorney General Opinion No. 90-126A states:
 The use of public funds to provide a public information function to a state office is integral to its constitutional and/or statutory power and function, and is lawful if its intent is to be factually informative to the public.
This office recognizes the distinction between the valid governmental function of public information and the ultra vires activity of public relations. The prohibition of Louisiana R.S. 43:111.1 against advertisements paid for with public funds does not apply to the dissemination of factual information which does not have the intent to manipulate public opinion. Attorney General Opinions 93-78, 92-484 and 92-127.
The expenditure of public funds for fact-based information is not unlawful per se. It is the purpose for which the public funds are spent and the intent of the public official who makes the expenditure which control the legal character of the expenditure. Attorney General Opinion No. 92-127 and 90-126A. Citing the prohibition of Article VII, Section14 of the Louisiana Constitution (1974) regarding unlawful expenditures of public funds, Attorney General Opinion No. 92-127 states:
 The requirement of a legal obligation to expend funds is the threshold but not the only predicate for the constitutionality of the expenditure. The expenditure must also be for a public purpose and with a public benefit proportionate to the cost.
You have stated that the "public service presentations would be factual statements designed simply to inform. In no way would the presentations have as a motive the manipulation of public opinion."
As stated earlier, the Red River Waterway District is a statutorily created political subdivision of the State of Louisiana. Attorney General Opinion No. 90-386 states that there is no restriction in Louisiana law which would prohibit a political subdivision from advertising for the purpose of informing the public about capital improvements. Attorney General Opinion No. 94-528 continues the holding of Attorney General Opinion No. 94-386 stating that if the intent [of the advertising] is to be factually informative to the public, the use of public funds to increase public awareness of the existence and duties of an agency is lawful.
In conclusion, this office finds that the Red River Waterway Commission may use public funds for disseminating information about the economic, commercial and recreational opportunities resulting from establishment of the Waterway so long as the presentations are factual statements designed simply to inform.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ SUE McNABB Assistant Attorney General
RPI:SM/sfj
Date Released: April 25, 2002